Lounsbury v. Purdy.

## LOUNSBURY *vs.* PURDY.

The defendant and Q. as the friends and advisers of the plaintiff, who was a married woman, purchased a house and lot for her upon a verbal understanding that Q. should take the deed as her trustee, and hold the property in trust for her use and benefit. The plaintiff paid the purchase money, and Q. without her consent or knowledge, took an absolute and unconditional deed in his own name. The premises were subsequently sold under a judgment against Q., and at the sheriff's sale the defendant became the purchaser, and he claimed to hold the same, for his own benefit, by virtue of such purchase and of a judgment held by him, against Q. *Held* that the defendant could not be allowed to retain the premises, as against the plaintiff; and he was directed to release to her his interest therein, and was enjoined from setting up any claim thereto, under the sheriff's sale, or the judgments. *Held also,* that it was competent for the plaintiff to adduce parol evidence to prove the resulting trust.

THIS was an appeal by the defendant from a decision made at a special term. The case at special term is reported in 11th *Barb.* 490, where the facts are fully stated.

*F. Larkin,* for the appellant. I. The jury find by their special verdict, " that Clements Quereau purchased the premises in question, under a parol agreement to hold said premises in trust for the use and benefit of Catharine Lounsbury, the plaintiff;" and further, " that said premises were purchased and paid for

with said Catharine Lounsbury's own money." This trust is void. "Where a grant for a valuable consideration shall be made to the person, and the consideration therefor shall be ,paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section." (1 R. S. 728, § 51. *Norton* v. *Stone*, 8 *Paige*, 225. *Hosford* v. *Merwin*, 5 *Barb.* 51. *Story's Eq. Jur.* § 1201, B. *Leggett* v. *Dubois*, 5 *Paige*, 114. 4 *Kent's Com.* 309. *See the Revisers' notes to that section, and to this article*, 10 *Paige*, 562.) II. This trust does not fall within either of the exceptions contained in section 53 of the article respecting uses and trusts, which declares that the "provisions of the preceding 51st section shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance, in his own name, without the consent or knowledge of the person paying the consideration; or when such alienee in violation of some trust shall have purchased the lands so conveyed with moneys belonging to another person." This conveyance was not taken in the name of Quereau, "without the consent or knowledge" of the plaintiff, nor did the jury so find. They found "that Clements Quereau purchased the premises in question under a parol agreement, to hold said premises in trust for the use and benefit of the plaintiff." It is not averred in the complaint, or pretended, that the deed was taken in the name of Quereau, "without the consent and knowledge" of the plaintiff. The plaintiff is bound to aver and prove that the deed was taken in the name of Quereau, "without the consent or knowledge" of the plaintiff. (8 *Paige*, 225. 5 *Barb.* 51.) III. The defendant purchased the premises at the sheriff's sale, and the sale was by virtue of two executions, one on the judgment in favor of Mott, and the other on the judgment in favor of the defendant; therefore if Mott's judgment was a lien upon the premises the defendant had as good a right to purchase at the sheriff's sale as any body else; for if notice of the sheriff's sale would deprive the purchaser of his title, Mott could never enforce his judgment against the premises.

IV. On a special verdict the court can intend nothing but what is found by the jury. (*Jenks* v. *Hallet*, 1 *Caines' R.* 60. 16 *S. & R.* 307. 8 *Cowen*, 600, 682. *Birckhead* v. *Brown*, 5 *Hill*, 634.) No parol evidence can be received to establish either an express or an implied trust in these premises; especially when it is to destroy the deed. (*Brewster* v. *Power* 10 *Paige*, 562. 2 *R. S.* 194, § 6, 3d ed. and authorities there cited.) V. There being no allegation of fraud, accident or mistake in the complaint, the judge erred in receiving the parol evidence of Ann Martin and Clements Quereau, to prove that the deed given to Quereau was a deed in trust for the use of the plaintiff. (*Movan* v. *Hays*, 1 *John. Ch.* 343. *Lloyd* v. *Ex'rs of Inglis*, 1 *Dessau.* 333. *Brewster* v. *Power*, 10 *Paige*, 562. *Jarvis* v. *Palmer*, 11 *Id.* 650.) VI. In order to establish a resulting trust under the 53d section of the statute of uses and trusts, every fact necessary to bring it within that section should be averred in the complaint. The plaintiff should have averred in her complaint that the deed was taken in the name of Quereau through mistake, "without the consent or knowledge" of the plaintiff. (*Story's Eq. Plead.* §§ 28, 241, 257. *Sec. 53 of Uses and Trusts.* *Hickey* v. *Young*, 1 *J. J. Marsh.* 3. *Code*, §§ 142, 148. *Bodine* v. *Edwards*, 10 *Paige*, 504.) VII. A resulting trust must arise at the time of the execution of the deed; therefore if the revised statutes were out of the way, the plaintiff having paid but $100 at the time of the taking of the deed, a trust would only result in her favor to that amount, even if she afterwards paid the whole of the purchase money. (*Botsford* v. *Burr*, 2 *John. Ch.* 409. 3 *Paige*, 390. 1 *Barb. Ch.* 499. *Padgett* v. *Lawrence*, 10 *Paige*, 170, 15 *Wend.* 647. *White* v. *Carpenter*, 2 *Paige*, 238, 241. *Jackson* v. *Moore*, 6 *Cowen*, 706.) VIII. All the matters set forth in the complaint, admitting them to be true, do not constitute a cause of action. (1 *R. S.* 28, § 51.)

*Owen T. Coffin*, for the respondent. I. The trust in this case is not such a resulting trust as is forbidden by statute. (2 *R. S.* 13, § 51 *to* 56;) but is a valid trust. (*Hosford* v. *Merwin*, 5 *Barb.* 51. *See also the opinion of Justice Brown*

*in this case*, 11 *Barb.* 490.) The *cestui que trust* had no knowledge of the form of the conveyance to the trustee, nor did she assent to its being given in that form; therefore the case is not within the statute. II. The lien of neither of the judgments in this case attached upon the mere legal title of the trustee to the land, the equitable title being in another person. The defendant being cognizant of the trust from its inception, he cannot claim protection as a *bona fide* purchaser, as he also had formal notice of the equitable title of the plaintiff before he purchased. (*Ells* v. *Tousley*, 1 *Paige*, 280. *Northrup* v. *Metcalf*, 11 *Id.* 570. *Averill* v. *Loucks*, 6 *Barb.* 19.) III. This court has the power to remove the lien of the judgments from the land in question. (*Morris* v. *Mowatt*, 2 *Paige*, 586. *White* v. *Carpenter*, *Id.* 217.) IV. The objection that Mott is not a party to the suit comes too late. The question should have been raised by demurrer. (*Code*, §§ 144, 148.)

*By the Court*, S. B. Strong, J. The evidence adduced on the trial of this cause proves clearly that the allegations in the answer, that the defendant bought the property described in the complaint for his own use and benefit, and not as trustee for the plaintiff, or in any other character for her; that he afterwards sold such property to Quereau, without any thing being said at any time about its being in trust, in any way, for the plaintiff; that a deed was given to Quereau for his use and benefit, and not as trustee and for the benefit of the plaintiff; and that the place purchased was not wholly paid for with her own individual moneys, were palpably false, and known by the defendant to be so, at the time when they were made, and verified by the oath of his attorney. It is quite apparent, too, that in the acquisition and conveyance of the property the defendant acted as the confidential friend and adviser of the plaintiff, and that if the transaction is unavailable to her, it is through a mistake perpetrated by him or with his knowledge and consent. For these reasons, if we had been compelled by some rigid rule of law to have allowed him to take advantage of his own error, committed under trust, we should have denied him his costs; and if it had

been in our power, I should have been strongly inclined to compel him to pay the costs incurred by the plaintiff in trying the false issues raised by him.   But however much we may disapprove of the conduct of the defendant as reflected by the evidence, if the transaction involved in this controversy cannot be sustained for the plaintiff's benefit, as it was originally designed, we are bound so to decide.   There is no power in us to alter a rule established.

In this case there can be no doubt but that whilst the grant was made to one person, the consideration therefor was paid by another.   The defendant objects that but a part of the purchase money was paid when the deed was executed, and that if there could have been a resulting trust in favor of the plaintiff, it would have been only *pro tanto*.   But a note was given for the residue at the same time, in her behalf, by her then friends, and it is apparent that it was the understanding at the time, that it was to be paid, as it was paid, with her money.   That, in reference to the principle in question, was equivalent to the actual payment of the money at the time when the conveyance was made.   It is not necessary that the consideration should be paid in specie, but any thing representing it, coming from, or in behalf of, the cestui que trust, will be equally available to protect the beneficial interest.   The cases which declare the unavailability of subsequent payments, have reference to such as are made pursuant to arrangements concocted after the conveyance had been made and consummated.   The provisions of the 51st section in the article of the revised statutes vest the title in the alienee, although the consideration may have been paid by another, unless, as provided in the 53d section of the same article, such alienee shall have taken the deed as *an absolute conveyance*, without the consent or knowledge of the person paying the consideration; or unless the purchase shall have been made with another's money, in violation of some trust.   The plaintiff in this case contends that the deed was taken as an absolute conveyance, without her consent or knowledge; and that therefore the transaction is not within the prohibition contained in the 51st section, to which I have alluded.   The defendant an-

swers that this is not averred in the complaint; and that if it had been, the proof adduced would have established the contrary. It is true that the complaint does not *in totidem verbis* aver the want of such consent or knowledge, but it contains statements which, if true, show the absence of both, and that is all that is necessary. The defendant was informed that the plaintiff claimed an interest in the property, and the facts to establish it were fully set forth; and the reasons upon which the rules of pleading were founded previously to the enactment of our new code, required nothing more. The complaint alleges, that the plaintiff proposed to the defendant to take to himself the legal title of the property, in trust for her, and to hold the same for her benefit; that he thereupon made an agreement with the vendor, for the property, and that afterwards the defendant advised Quereau, the plaintiff's brother, to take a deed in his name, in trust for her, and for her use, to which it is fairly inferrible she assented; and that although it does not appear upon the face of the deed but that the land was conveyed to Quereau in his own right, yet in fact the same was conveyed to him as trustee for the plaintiff. Certainly these allegations in effect negative any consent or knowledge of the plaintiff that the deed should be an absolute conveyance to Quereau. By an absolute conveyance the statute undoubtedly means a transfer of the entire interest, legal and equitable. Surely the plaintiff could never have designed such a transaction, if the allegations in her complaint are true. She intended to have the entire beneficiary interest secured to herself, and that intention was inconsistent with an absolute conveyance to another. Although a deed to Quereau of property in trust for the plaintiff, in general terms, might not have vested any title in him, yet she must be considered as having reference, in her instructions to the defendant, to a conveyance which would in fact secure the conveyance of the property to her, rather than to one which should transfer it absolutely and beyond her control, to another. But the property might have been conveyed to Quereau in trust to receive the rents and profits and apply them to her use during her life, and

at her decease to convey the same as she might direct, or to her heirs.

It was undoubtedly competent for the plaintiff to adduce parol evidence to prove such a resulting trust as is not invalidated by the revised statutes. (*Boyd* v. *McLean*, 1 *John. Ch. Rep.* 582, *and the cases there cited.*) A daughter of the vendor of the property testified that the defendant, when he made the purchase, said that it was *for the plaintiff;* that she had about one thousand dollars that was left to her by some of her friends, and she wished to lay it out in property. And Quereau swore that the defendant told him that the plaintiff wanted him to take the deed in his own name, *for her.* Certainly these wishes of the plaintiff did not indicate an absolute conveyance to Quereau, but the contrary. There is no evidence that the plaintiff ever saw the deed, or heard any thing about its terms until after it had been recorded. The evidence then shows that the plaintiff's wish, as communicated to the defendant, was that the property should be purchased and a conveyance taken (in her brother's name) for her, but that the conveyance was to her brother in absolute terms, and there is nothing from which an inference can be drawn that she ever saw it, or knew in what terms it was couched, until after the purchase had been consummated. Under these circumstances we are well warranted in coming to the conclusion that the conveyance was absolute without her knowledge or consent; especially when taking into consideration the fact she is and was at the time a married woman; and that the law justly requires strong evidence to prove a consent by a married woman which would go to divest her of her property. (*Clancy's Rights of Married Women,* 535, 6, 7.)

I think that the decree made at the special term is right, and that it should be affirmed with costs.

[KINGS GENERAL TERM, October 3, 1853. *Barculo, Brown* and *S. B. Strong,* Justices.]