## MARY GARRITY *vs.* NICHOLAS H. HAYNES.

Where, by mistake, land purchased by a married woman, is conveyed to her husband, instead of herself, the wife, in an action brought by her against the sheriff to recover the value of hay and cows seized by him upon execution against the husband, as being the property of the latter, may prove the mistake in the deed, and that it was rectified by the grantee conveying the farm to a third person who has conveyed it to the plaintiff.

In such a case, after the mistake is rectified, the wife has the legal as well as the equitable title to the farm. And although previous to that time the husband held the legal title, by virtue of the deed to him, it was a mere naked title without interest, and one upon which a judgment against him could not fasten as an effective lien.

The wife, as the owner in equity of the farm, is entitled to the issues and profits thereof, and the fact that her husband resides on the farm with her, and assists her in cutting and curing the hay, will not make him the owner of the same.

The cows were purchased on credit, and a note given for the price, by the wife and another person, which was subsequently paid by the wife, but not until after the sheriff levied on the cows. The court charged the jury, " if the cows were purchased at the request of the plaintiff and as her property, and for her, she having subsequently paid for the cows, they may have been her separate property and she entitled to recover for them." *Held*, that this part of the charge was correct.

The court refused to charge the jury that " as to the cows, if the note given for them by the husband and another had not been paid at the time of the levy, then the title to the cows was not in the plaintiff; there being no evidence that she had ever promised to pay the note." *Held* that the request was properly refused.

*Held, also,* that if there was any doubt as to the right of the plaintiff to maintain the action for the levy upon the cows and hay, yet if there was no fraud in the case, or intention to defraud the creditors of the husband, the right of the plaintiff to recover for the subsequent sale of the cows and hay, was clear; she then being entitled to the possession of the property, and having the legal as well as the equitable title thereto, as against her husband.

ACTION to recover the value of a quantity of hay and the value of two cows, which the complaint alleged the defendant wrongfully seized and converted, on or about the 7th day of January, 1867. Defense, that Clark Rogers recovered a judgment on the 15th day of July, 1859, in this court, against Patsey Garrity, which was duly docketed in Cortland county the day it was recovered.

Garrity *v.* Haynes.

That on or about the first day of November, 1866, the defendant was sheriff of Cortland county, and continued to be such sheriff until after the alleged seizure and conversion of the hay and cows in dispute, in January, 1867. That on or about the first day of November, 1866, the defendant, as such sheriff, received an execution on said judgment, by virtue of which he levied upon the hay and cows, and sold the same, the hay and cows being the property of Patsey Garrity. Patsey or Patrick Garrity (the latter being his true name) married the plaintiff before said execution was issued. The hay and cows were on a farm in Cortland county, at the times they were levied upon and sold; on which farm the plaintiff and her husband were living at those times. The plaintiff claimed that she was the owner of the farm and the hay and cows.

The action was tried at the Cortland circuit in January, 1868, when the jury rendered a verdict in favor of the plaintiff for $181.12 damages.

The defendant took exceptions on the trial, which the judge directed to be heard in the first instance at the general term of this court.

*Shankland & Couch,* for the plaintiff.

*Duell & Foster,* for the defendant.

*By the Court,* BALCOM, P. J. The plaintiff agreed for the farm and to pay $1600 therefor. She paid $600 of the purchase price with her own money. She made the purchase of one Perry, for herself. But by mistake of the person who drew the deed, it was made to Patrick Garrity, the husband of the plaintiff. It was dated March 1st, 1866. The balance of the purchase money not paid down by the plaintiff was secured by a mortgage on the farm to Perry, that was executed by the plaintiff and her husband. The plaintiff's husband never paid any part of the con-

sideration for the farm. The deed from Perry, and the mortgage back to him, were drawn by a justice of the peace. Neither the plaintiff nor her husband could read.

The defendant, as sheriff, levied the execution against Patsey Garrity upon the hay and cows on the farm on the 14th or 15th day of November, 1866.

The court permitted the plaintiff to prove that the farm was in reality her property at the time the levy was made, and that the deed was given to her husband by mistake. This was permitted, for the purpose of allowing the plaintiff to show whether she was the owner of the hay which was cut upon the farm.

The defendant's counsel excepted to the admission of the evidence showing the alleged mistake respecting the deed.

The plaintiff testified that the first knowledge she had of the mistake in the deed was derived from the defendant at the time he made the levy. She then told the defendant she owned the farm and the hay and cows. After the levy was made, and before the hay and cows were sold, the mistake in the deed was rectified by Patrick Garrity conveying the farm to a third person, who reconveyed it to the plaintiff. This evidence was objected to by the defendant's counsel, and he excepted to the decision admitting it.

The hay and cows were sold by the defendant on the 7th day of January, 1867.

If the rule still existed that a written instrument cannot be reformed except in a direct action for that purpose, it is not applicable to the questions in this case. For the mistake in the deed from Perry to the plaintiff's husband was rectified by the parties before the property in question was sold, and there was no necessity for such an action.

It was competent for the plaintiff to prove, in this action, the mistake in the deed from Perry, and that it was rectified by the grantee conveying the farm to a third person,

who reconveyed it to the plaintiff. (*See* 12 *N. Y. Rep.* 156 and 266; 15 *id.* 374; 17 *id.* 270; 23 *id.* 357; *Lounsbury* v. *Purdy,* 16 *Barb.* 376; *S. C.,* 18 *N. Y. Rep.* 515; *Siemon* v. *Schurck,* 29 *id.* 598.)

When the mistake was rectified, the plaintiff had the legal as well as the equitable title to the farm. And although previous to that time the husband of the plaintiff held the legal title to the farm, by virtue of the deed to him, it was a mere naked title, without interest, and one upon which a judgment against him could not fasten as an effective lien. (*Siemon* v. *Schurck,* 29 *N. Y. Rep.* 598.)

The plaintiff, as the owner in equity of the farm, was entitled to the issues and profits thereof. The fact that her husband resided on the farm with her, and assisted her in cutting and curing the hay, did not make him the owner of the same. (*Buckley* v. *Wells,* 33 *N. Y. Rep.* 518. *Gage* v. *Dauchy,* 34 *id.* 293.)

The jury were instructed to give the defendant the benefit of the labor of the husband of the plaintiff, so far as it increased the value of the hay. Whatever the husband's labor in cutting and curing the hay was worth, must have been allowed the defendant by the jury. Whether the plaintiff could not have complained of this instruction, it is unnecessary to inquire.

The cows were purchased on credit. A note was given for them by the husband of the plaintiff and one Ryan. The plaintiff paid the note; but not until after the defendant levied on the cows. The court charged the jury, "if the cows were purchased at the request of the plaintiff, and as her property and for her, she having subsequently paid for the cows, they may have been her separate property and she entitled to recover for them." To which part of the charge the defendant's counsel excepted. The defendant's counsel requested the court to charge the jury, "that as to the cows, if the note given for them by Pat-

trick Garrity and Ryan had not been paid at the time of the levy, then the title to the cows was not in the plaintiff, there being no evidence that she had ever promised to pay the note." Which request was refused, and the defendant's counsel excepted.

The charge respecting the cows was correct; and the request to charge, touching the title to them, was properly refused. (*See Lounsbury* v. *Purdy*, 18 *N. Y. Rep.* 515.) If A. employs B. as his agent to purchase goods for him, and B. purchases goods for A., the latter acquires the title to the goods by the purchase, although B. gives his own note for the same. In this case Ryan and the husband of the plaintiff acted as agents of the plaintiff, and for her, in purchasing the cows; and the plaintiff was the owner of the cows, although her husband and Ryan gave their note for the purchase price. She subsequently paid the note.

If there be any doubt as to the right of the plaintiff to maintain the action for the levy upon the cows and hay, yet if there was no fraud in the case, or intention to defraud the creditors of the plaintiff's husband, (and the jury have found there was no fraud or such intention to defraud,) the right of the plaintiff to recover for the subsequent sale of the cows and hay is clear. She then was entitled to the possession of the cows and hay, and had the legal as well as the equitable title thereto, as against her husband.

The defendant was informed that the plaintiff claimed the property, and he was forbidden by her to sell the same.

It is not pretended that the judge did not correctly submit to the jury the questions of fraud in the case. . The jury have found from the evidence, as I think they were justified in finding, that the plaintiff paid for the farm and cows, and that her husband never paid any thing towards either the farm or cows; that it was by mistake that the farm was conveyed by Perry to the husband of the plaintiff,

when it should have been conveyed to the latter; and that all the transactions between the plaintiff and her husband were in good faith, and without any intent on the part of either to hinder, delay or defraud the creditors of the husband. It is therefore equitable and just that the plaintiff should have the benefit of her recovery in the action.

If the views I have expressed upon the legal questions in the case are correct, they dispose of all other propositions depending upon them, against the defendant, and his motion for a new trial should be denied, with costs.

So decided.

[Broome General Term, November 17, 1868. *Balcom, Boardman, Murray* and *Parker*, Justices.]