MARIA A. COLLINS, Appellant, *v.* LORENZO D. COLLINS, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, APRIL, 1871.)

Plaintiff, a married woman, was the owner of certain real estate, a large part of the purchase-money of which had been furnished by her husband, and he had also expended large sums for its improvement and repair. It was also heavily incumbered. The husband died, leaving plaintiff his widow, and children by a former marriage, and having upon his death-bed requested the defendant to take said property and do the best he could therewith for his wife and children, and requested him to tell plaintiff that he wished her to convey the property to defendant, that he might manage it for her benefit and that of his children. After the husband's death, defendant informed plaintiff of the request made by him, and defendant conveyed the property to plaintiff, the only consideration of the conveyance being her husband's request and the verbal and implied promise of defendant that he would conform with such request. After such conveyance, defendant expended large sums in discharging liens and incumbrances upon the property, existing at the time of the conveyance, and in paying for repairs and improvements thereto, commenced in the husband's lifetime.

*Held*, in an action brought to obtain a reconveyance of the property, that plaintiff was not entitled to such relief, and yet that a judgment rendered for the defendant was erroneous and must be reversed and a new trial ordered; that defendant was entitled to be reimbursed the amounts expended by him under the conveyance in good faith, in paying liens and incumbrances, and in making repairs, and to be subrogated to the rights of creditors of the husband, whose debts he had paid, and to a reasonable compensation for his services; that he should also be held to account for the rents and profits received by him; that the respective rights of the parties interested, including any question as to the widow's right of dower, should be ascertained upon the new trial and settled upon equitable principles.

*Held*, further, that the children of the intestate had interests in the estate, the rights to and the extent of which could only be determined by their being made parties to the action, and that they should therefore be brought into the action as such parties.

Collins *v.* Collins.

THIS case comes here on appeal by the plaintiff from a judgment against her, entered on a report of a referee.

The action was brought to obtain a reconveyance of certain land, or payment therefor, which had been conveyed by plaintiff to defendant.

The facts are substantially as set forth in the report of the referee to whom the case was referred, and are as follows:

That on and prior to the 16th day of April, 1866, the plaintiff was the owner of the real estate described in the complaint, called the Exchange Hotel or Collins House property, and also a large amount of personal property contained therein and connected and purchased therewith. That Isaac Collins, the husband of the plaintiff, had furnished a large part of the purchase-money of said real estate. That said Isaac Collins died on the 13th day of April, 1866. That upon his death-bed, said Isaac Collins requested the defendant to take charge of his business and of said property after his death, and do the best he could therewith for his wife and children, and requested the defendant to tell the plaintiff that he, said Isaac, wished her to convey said real and personal property to the defendant, that he might manage the same, and do the best he could with it for her, said plaintiff, and the children of said Isaac Collins. That said property, both real and personal, was heavily incumbered at the time of the death of said Isaac, and large liabilities had been incurred for the improvement and repair of said real estate, and said real estate was at that time in the course of repair and was very much torn up and out of order. That after the death of said Isaac Collins, and before the execution and delivery of the deed and bill of sale hereinafter mentioned, the defendant informed the plaintiff of the request of her husband above set forth, that she should convey said property to the defendant that he might manage the same and do the best he could therewith, for her and for the children of her said husband. That said Isaac Collins, at the time of his decease, left him surviving four children by a former wife. That on the 16th day of April, 1866, the plaintiff conveyed said real estate to

the defendant by a deed of bargain and sale, and said personal property by a bill of sale. That said conveyances were made, executed and delivered by the plaintiff in consideration of the aforesaid request of her said husband, and of the verbal and implied promise of the defendant, that he would do the best he could with said property for the plaintiff and the children of said Isaac Collins.

That the defendant, at the time said conveyances were made, neither paid nor agreed to pay, nor did he give or agree to give, any other consideration therefor than as above expressed. That since said conveyances were made, the defendant had paid out and advanced large sums to discharge liens and incumbrances on said personal property, existing at the time of said conveyance, and to pay for repairs and improvements upon said real estate, commenced prior to the decease of said Isaac Collins. That the plaintiff, at the time she executed and delivered said deed and bill of sale, knew the contents, purpose and effect thereof.

And as conclusion of law, I find that the plaintiff is not entitled to relief in this action, and that the defendant is entitled to judgment against the plaintiff for costs.

Exceptions were taken by the plaintiff to the findings of fact and conclusion of law. Judgment was entered upon this report, and the plaintiff has appealed to this court.

*A. J. Colvin*, for the appellant.

*N. C. Moak*, for the respondent.

Present—MILLER, P. J.; P. POTTER and PARKER, JJ.

By the Court—P. POTTER, J. I think that, in equity, the plaintiff is not entitled to all the relief she demands, but am inclined to think that a denial of all relief, and a judgment so declaring it, might operate as a bar to any future claim on her part, and that, for this reason, the legal conclusion of the referee is based on error.

Collins v. Collins.

Whatever may be the character of the two deeds in question, to wit, the deed of Powell and wife to the plaintiff, and the deed of the plaintiff to the defendant, the considerations specified therein are subject to be inquired into, and this may be done by parol evidence.

The referee was, therefore, right in admitting such evidence on the trial. (*Swinburne* v. *Swinburne*, 28 N. Y., 568, 573; *Chester* v. *Bank of Kingston*, 16 N. Y., 336; *Boyd* v. *McLean*, 1 John. Ch., 562; *Reed* v. *Fitch*, 11 Barb., 399; *Loundsbury* v. *Purdy*, 16 Barb., 376.)

To determine the object and character of the conveyances, the whole extrinsic circumstances may be given in evidence, when one of the parties in interest is dead or cannot testify. Among the leading features of this case, is the fact that Isaac Collins, now deceased, had furnished a large portion of the purchase-money of the property in question, but had the title thereto taken in the name of his wife, now the plaintiff; that the property was heavily incumbered, and, besides, he had incurred large liabilities in improving the same property. Notwithstanding the title was in the name of his wife, he had equities in the estate growing out of his improvements thereon, which his creditors could have reached. His personal estate was also largely incumbered. Desiring to save the property, as well as to save costs and expenses in winding up his estate, upon his dying bed he requested that his wife convey this estate to his brother, the defendant, to take charge of and do the best he could with it *for his wife and children*. The plaintiff, his widow, in pursuance of this request, and it must be presumed to that end, did so convey. I do not think the court are called upon to declare by what technical name to characterize this conveyance; whether an absolute conveyance in trust, or in the nature of a mortgage. The object and intent of the parties is clear, and that intent, in equity, should be carried out. The intestate had creditors whom he wished should be paid. To pay them, among other things, he requested the conveyance to be made; to this intent, it must be presumed, among other things, it was made, and for this

purpose the conveyance was received by the defendant. To the extent that the defendant has carried out this design he has a right to be protected; he has a right to be subrogated to the place of those creditors whose debts he has paid. This is a principle of equity too clear to be controverted. The defendant only claims to hold the property to carry out the expressed will, or wishes, more properly, of the intestate; and the conveyance by the plaintiff to him, it must be presumed, was made to carry out that will or wish of the intestate; and the plaintiff is estopped, upon the facts found, from denying that she conveyed it for that purpose, or those purposes. And to the extent that the defendant has paid and discharged the claims for repairs and improvements made by the intestate out of the personal property of the intestate, he is also subrogated to the equitable rights that the intestate had in the property that could have been reached by creditors. This is an equally clear principle of equity.

There is, really, but one other question that needs discussion, and this is surrounded by some complications, which do not appear in the report of the referee. The plaintiff claims, first, an absolute reconveyance of the estate. This she is not entitled to; it is unjust to claim it. Second. She claims a reconveyance of the whole estate, subject to the liens and incumbrances paid by the defendant. Nor is she entitled to this. Her husband had an interest in the estate conveyed; this interest he desired should be conveyed for the benefit of the plaintiff and his children by a former wife. It was so conveyed by her. In this conveyance, in equity, she recognized her husband's interest, and conveyed it for the benefit of *herself and her husband's children;* equitably as much for them as for herself. She can neither repudiate this conveyance nor deny its object, and she cannot demand a reconveyance to herself of that which was conveyed for the benefit of these children. That the indefiniteness of the respective claims of the plaintiff and children will create some complications, is probable. This will require a trial, and it must be settled upon proper principles of equity. It is in proof that

some of. her own separate estate is involved.  This can be ascertained upon a trial, and allowed her.  Perhaps, over and above incumbrances, she may also be entitled to dower.  This can also be determined.  But in the view we have taken of this case, the children of the intestate have also interests in this estate, the rights to which and the extent of which can only be determined by bringing them into the case as parties. This, I think, was the error of the referee in dismissing the bill.  The case should have stood open to have allowed the children to be brought in.  So, too, the defendant, it appears, has received rents and profits of the estate, which, it is charged, has greatly increased in value, and in its rental or income.  He ought to have accounted; and he is entitled to a reasonable consideration for the management of the estate.  All these things can be established on another trial. I think the report should be set aside.

Judgment reversed and new trial granted, costs to abide the event.