## DAMBMAN v. SCHULTING.

*Pleading — when reply not necessary — pendency of former action.*

A reply is not necessary to enable plaintiff to show that a release of the claim sued upon set up in the answer, was fraudulently procured. Accordingly, where, in an action to set aside a release for fraud, the complaint set forth that in an action previously brought and then pending, upon the claim to which it referred, it had been set up as a defense; *held*, that a demurrer was properly sustained.

APPEAL by plaintiff from an order at the special term, sustaining a demurrer to the complaint.

The action was brought by Christian F. A. Dambman against Herman Schulting. The complaint stated that plaintiff's assignors loaned to defendant $5,000 which is unpaid; that the plaintiff, in June last, brought an action in this court to recover the said $5,000, and the defendant, in his answer, set up a release under seal as a defense, and that that action is still pending. The plaintiff further stated that the said release was obtained from him by fraud, etc., and demanded judgment that said release be delivered up and canceled, and that the defendants be enjoined from setting the same up in the last mentioned action.

The defendant demurred to this complaint upon the grounds that another action was pending between the same parties for the same cause, and that said complaint did not state facts sufficient to constitute a cause of action.

*William Watson*, for appellant.

*C. Bainbridge Smith*, for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. This action was brought to set aside and annul a release on the ground of the defendant's alleged fraud in its procurement. It appeared by the complaint that a preceding action had been brought for the recovery of the debt, and the release

answered as a defense. For that reason the demurrer was sustained. The plaintiff insisted that the decision made was erroneous, for the reason that he cannot avoid the effect of the release by proving the fraud in that action. In that the learned counsel for the plaintiff is very clearly mistaken. Fraud invalidates all instruments, however solemn, both at law and in equity. And as no reply is either required or provided for, unless directed by special order of the court to the defense of a release, the plaintiff may avoid and overcome its effects by evidence, showing it to have been procured by fraud. The provision of the Code upon this subject is that the allegation of new matter in the answer, not relating to a counter-claim or of new matter in a reply, is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require. Code, § 168. And it is so broad that it secures to the plaintiff the benefit of every possible answer to the defense made by way of new matter not constituting a counter-claim as fully as though it were alleged in the most complete and artistic form. He may avoid it by any evidence properly attended with that result, under the principles of either law or equity.

This was held to be the right of the plaintiff under the present system of practice when a reply was required to new matter in the answer. *Phillips* v. *Gorham,* 17 N. Y. 270. And the principle has been held to be equally as applicable since the reply to such defense has been dispensed with. *Sheehan* v. *Hamilton,* 2 Keyes, 304. In deciding that case it was stated by LEONARD, J., who delivered the opinion of the court, that no reply to an answer is necessary unless it sets up a counter-claim, but the plaintiff is permitted to prove any matter in denial or avoidance of the answer where it sets up new matter, as the case may require. Id. 306.

The right of the plaintiff to avoid the release by proof of fraud in the action prosecuted for the recovery of the debt is further confirmed by the conclusion stated by Judge ALLEN in deciding the case of *Dobson* v. *Pearce,* 12 N. Y. 156, and which was concurred in by the court. "The intent of the legislature is very clear that all controversies respecting the subject-matter of the litigation should be determined in one action, and the provisions (of the Code) are adapted to give effect to that intent." Id. 165. To the same general effect, also, are the cases of *Crary* v. *Goodman,* id. 266, and *Foot* v. *Sprague,* 12 How. 355.

The plaintiff's right to be relieved from the effect of the release

on the ground of fraud was, under these principles, included in the preceding action.

This action, to secure that result, was, therefore, improper, and the decision sustaining the demurrer to the complaint was right and should be affirmed, with costs.

*Order affirmed.*