ALBANY,
Oct. 1826.

Gale
v.
Nixon.

</div>

<div align="center">New trial granted.</div>

---

<div align="center">

GALE *against* NIXON and NIXON.

</div>

ON error from the C. P. of *Tioga.* The action in the court below was *indebitatus assumpsit* by the plaintiff against the defendants. The declaration contained counts for lands bargained and sold; for lands bargained, sold, and possession given; and lands sold and conveyed; with the money counts. Plea, the general issue.

On the trial in the court below, the plaintiff relied on articles of agreement signed and sealed by the plaintiff only; and delivered to, and accepted by the defendants, dated *April* 14*th*, 1821. These articles purported to be by money, may be enforced against the latter by an action of assumpsit. .

*Semble,* that a contract for the sale of lands, signed and sealed by the vendor only, and delivered to, and accepted by the vendee; and which purports to contain, on the part of the latter, a covenant to pay the consideration

And where such a contract was recognized and ratified on the part of the vendees, by an endorsement under their hands and seals; *held,* that this was a sufficient signing to take the case out of the statute of frauds.

The endorsement not containing, in itself, or amounting, when taken in connexion with the original contract, to a covenant to pay, and the vendor having tendered a conveyance, *held,* that he might maintain *indebitatus assumpsit* for the consideration money.

But if the endorsement had amounted to a covenant to pay, the action must have been covenant or debt.

The covenant by the vendor, was to convey within two years from the date; and the contract purported to contain a covenant, on the part of the vendees, to pay on receiving the conveyance. The latter took immediate possession, pursuant to another covenant in the contract on the part of the vendor; and by an arrangement between the parties and A., part of the premises were conveyed to the vendees by A., within the two years, A. having title; but the time had elapsed when the conveyance for the residue was tendered; and for that reason the vendees refused to receive the conveyance; yet, *held,* that the contract was not rescinded; and that the vendees were liable in *indebitatus assumpsit* for the consideration money.

To avoid this, the vendees should have re-delivered possession; and rescinded the contract *in toto.*

To warrant an action of covenant, the contract must be sealed by the party or his attorney. A mere recognition of the contract, though under seal, will not sustain the action.

A written recognition of a contract, void by the statute of frauds, though after it is entered into, will make it binding.

both parties; naming the plaintiff as of one part; and the defendants, *W. & G. Nixon*, as of the other. The plaintiff, for the consideration of $300 to him paid, and of $500 to be paid, as therein after mentioned, covenanted to convey, within 2 years, at his own costs and charges, two described parcels of land, of 60 and 80 acres, to the defendants in fee; and the defendants covenanted to pay the plaintiff, on the execution of the conveyance, $500. It was also agreed, that the defendants might take immediate possession of the premises; and continue so in possession, taking the profits, till the conveyance should be executed. On the articles, was an endorsement dated *May* 31*st*, 1822, under the hand and seal of *J. & W. Nixon*, stating that they had, on the part of *W. & G. Nixon*, the defendants, with the consent of the plaintiff, entered into an arrangement with *T. Astley*, for the purchase of one of the described parcels, (the 80 acre lot,) and given their bond to *Astley*, for the balance on that lot, $391,42; and that they had taken *Astley's* bond to them for a deed; and that they did thereby discharge the plaintiff from so much of his agreement as bound him to convey this described parcel. Afterwards, the defendants paid this balance to *Astley*, who owned the 80 acre lot, and took a deed of him, within 2 years from the date of the articles. The payment to, and conveyance by *Astley*, were pursuant to the agreement and understanding of both the parties to this suit, who agreed that the payment of the $391,42 should apply on the articles between them. A few weeks after the date of the articles, the defendants took possession of both parcels; and remained in possession up to the time of the trial. The plaintiff had caused a deed with warranty to be tendered to the defendants, for the 60 acre lot, before suit brought in the court below; but more than two years from the date of the articles. This deed was produced ready for them, at the trial.

The defendants moved the court below for a nonsuit, on these grounds : 1. That the articles were not signed by the defendants. 2. They being sealed, the action should have been covenant. The contract of the plaintiff,

not having been fulfilled, there was no express or implied promise to pay. 3. For the 80 acres, a deed was received from *Astley*, before the contract expired ; and the deed for the 60 acre lot was not tendered till after the contract had expired.

The motion was granted, and the plaintiff excepted.

*E. Dana,* for the plaintiff in error. 1. Part performance, as payment, and taking possession, removes the objection arising from the statute of frauds, though the vendor only sign the contract, if it be delivered to the purchaser. (*Str.* 783. 1 *Com. on Contr.* 80. 3 *John. Cas.* 65. 2 *Caines,* 120.) 2. The defendants, by the endorsement, ratified the original agreement. It was equivalent to signing. Yet, as it contained no express covenant to pay, covenant will not lie. Assumpsit is the proper action. 3. If the defendants had a right to rescind, they have not exercised that right. To do so, they should have offered to reinstate the plaintiff by a surrender of possession, and a conveyance of the 80 acres.

The plaintiff is without remedy, unless he can recover in this form of action. He cannot recover back the land conveyed.

*A. Collins,* contra. The contract was within the statute of frauds, (1 *R. L.* 78, *s.* 10.) The signature endorsed was long after the date of the articles. If any action will lie, it is covenant. The covenant to pay was dependent. (10 *John.* 266.) The tender of the deed at the day, was a condition precedent ; and the time having elapsed before the tender, all remedy was forfeited. The declaration was for lands sold and conveyed ; but the defendant never accepted a conveyance. There was, then, a variance between the declaration and proof. Acceptance of a deed is essential to its validity. (1 *John. Cas.* 114. 12 *John.* 418.) No title having vested, there was nothing to raise an implied assumpsit as for lands sold. Assumpsit will not lie for lands bargained and sold, but not conveyed. The plaintiff's remedy is, to recover back the land.

*Curia, per* SUTHERLAND, J.   The plaintiff was nonsuit-
ed at the trial ; his right to recover being objected to on
three grounds :

1. That the contract was within the statute of frauds,
not being signed by the defendants.   2. That if it was a
valid contract, it being sealed, the action should have been
covenant.   3. That the deed not having been tendered by
the plaintiff, until after the time stipulated, and the con-
tract, therefore, not having been fulfilled on his part, there
could be no implied promise, on the part of the defend-
ants, to pay.

The article of agreement contains a perfect contract be-
tween the parties.   It specified particularly what was to
be done by each party.   It was sealed by the plaintiff, and
delivered to the defendants, who took possession of the
land under it ; and the only objection to it is, that it was
not signed by the defendants.

It is not necessary, in this case, to decide whether the
action could be sustained merely upon the signature of
the plaintiff to the contract, and the acceptance of it, to-
gether with the possession of the land, by the defendants,
though I am inclined to think that it could.   (1 *Eq. Cas.
Abr.* 21, *pl.* 10. 1 *Powell on Cont.* 286. *Ballard* v. *Walk-
er,* 3 *John. Cas.* 60. *Roget* v. *Merritt & Clapp,* 2 *Caines,*
120, *per Spencer, J.*   1 *Fonbl.* 165, 166.)

But the indorsement on the back of the contract, sign-
ed by both of the defendants, is clearly sufficient to take
the case out of the statute, although made at a subsequent
period.   It is a full and complete recognition of the con-
tract.   It releases the plaintiff from the performance of
one part of it.   It is not necessary that the identical agree-
ment should be signed ; but if it is acknowledged by any
other instrument duly signed, it is sufficient.   (*Rob. on
Frauds,* 121. *Welford* v. *Beazly,* 3 *Atk.* 503. 3 *Bro.
Ch. Rep.* 318. 1 *Ves.* 6. 9 *Ves.* 355. 1 *Com. on
Contr.* 109, 110.)

Assumpsit was the proper form of action.   Covenant
will lie only where the instrument is actually signed and
sealed by the party, or by his authority.   A recognition

of the contract, though in writing and under seal, will not make it a covenant. If the instrument by which the original contract is admitted, contain, in itself, a specification of the terms, and consideration of the contract, an action perhaps might be sustained upon that; and in such case, if it was under seal, the action must be either debt or covenant.

Under the circumstances of this case, it is not material that the deed was not tendered on the day fixed by the contract. The defendants were in possession of the land. They had, by a mutual arrangement between the parties, taken a deed from *Astley* for the largest parcel. They do not offer to deliver up possession of the land, and rescind the contract; but seek to retain the land, and avoid paying the stipulated price. This they cannot do. They must either avoid the contract *in toto*, or else perform.

The plaintiff was improperly nonsuited, and the judgment must be reversed.

<p align="right">Judgment reversed.</p>