RICHARD G. SWINBURNE and others v. ALBERT SWINBURNE.

A trust in respect to real estate may be established by parol evidence.

S. having made a written contract with H. and others, for the purchase of 160 acres of land, on credit, died, leaving a widow and heirs. The widow, after her husband's death, took in her own name for the benefit of the family, a contract for 60 acres of the land and paid money upon it. At her request, and without the knowledge or consent of the other heirs, A. S. took a new contract for the purchase of the same premises, in his own name, either for the benefit of the family or in fraud of their rights. He subsequently took a deed from the vendor, to himself, sold the land, and received and applied the avails to his own use, and refused to account.

*Held*, 1. That it was competent for the plaintiffs (who were all of the heirs of S. except A. S.,) to establish a trust in favor of themselves, as against A. S., by parol.

2. That on evidence showing the above facts, a valid resulting trust was established, and the plaintiffs were entitled to relief, in respect to their shares of the purchase money received by A. S. on the sale of the land.

THIS action was brought by the plaintiffs, the children and heirs at law of Peter Swinburne deceased, to recover of the defendant, their share of the purchase money of a farm of land situate in Denmark in the county of Lewis, which had been purchased by said Peter in his lifetime and partially paid for by him, and of which land the defendant, without the knowledge or consent of the heirs of the said Peter, (of whom the defendant was one,) obtained the title and sold and conveyed the same and received and converted to his own use the proceeds.

The facts were these: On the 1st of August, 1810, said Peter Swinburne entered into a contract with Richard Harrison and others, owners in fee, through Isaac N. Bostwick, their attorney, for the purchase of 160 acres of land in Denmark, Lewis county, and for which he agreed to pay the sum of $472.97 ; and to secure the payment thereof he gave an instrument in writing signed by him, obligating himself to pay for said lands in certain installments, but the terms of said writing did not appear. Peter entered into posses-

sion of said land, cleared a part of it, put up buildings and fences and otherwise improved it. He paid for and obtained a deed of 100 of the 160 acres. Peter died in October 1822, leaving him surviving his widow, Artemisia, and several children, his heirs at law. After his death, and in January 1833, said Artemisia took from the said Bostwick, the agent of the owners, a contract for the 60 acres, for which she obligated herself to pay $475.87. She continued in possession of said 60 acres and made improvements thereon. The family lived on these 60 acres, and the last mentioned contract was taken for the benefit of the children of said Peter. About this time one of the sons and a daughter died without children and intestate, neither ever having been married. Something was paid by the said Artemisia while she held the contract.

About the 1st of November, 1840, the defendant took a contract for said land, from the owners in fee, obligating himself to pay for said 60 acres the sum of $511.20. The said Artemisia surrendered her contract for said land. During all the time from 1810 the family of said Peter had resided on and used and cultivated the land. In 1844 the defendant took a deed of said 60 acres in his own name, without the knowledge or consent of the other heirs of said Peter. The money paid for the land on said several contracts except the amount ($511.22) paid on the last contract, was raised from the farm by the joint labor and services of the several members thereof. In August 1845, he sold some 4 or 5 acres of said 60 to one Clark, for $50. In April 1847, the defendant sold the residue of said 60 acres to one Horace Rogers, for $1475, and received the purchase money paid therefor. Neither the contract to Peter nor the one to his widow were forfeited, but each new contract was given for the balance due on the preceding, and the new ones were given for the benefit of the widow and heirs of Peter Swinburne.

The defendant's counsel moved for a nonsuit, on the following grounds, viz:

1st. The complaint does not contain facts sufficient to constitute a cause of action.

2d. It is not averred that the evidence of the trust is in writing, nor any facts stated sufficient to show the existence of a trust.

3d. From the proofs it appears that the defendant contracted and took a deed in his own name, and that no trust is fastened on the estate.

4th. The defendant had sold the land prior to the commencement of the action, which was known to the plaintiffs and averred in the complaint.

5th. It appears affirmatively that a deed was given for 100 of the 160 acres, and that would be a rescision of the contract of 1810.

The motion was denied, and the counsel excepted.

The learned judge before whom the cause was tried found the facts substantially as stated above, and ordered judgment in favor of the plaintiffs for $839.64, being for five tenths thereof, which the plaintiffs owned in their own right, the widow's life estate in the two tenths which belonged to the son and daughter who died, six eighths of ten tenths owned by the plaintiffs in their own right as heirs of said son and daughter, with interest on said share of the purchase money from the day of sale to the date of decision.

Several exceptions to the reception of evidence were taken on the trial.

The defendant had purchased the interest of one of the heirs in said premises, which, with his own share and that of the plaintiffs, represents the interest of all the heirs in the premises, or the proceeds thereof.

Judgment being entered in the Supreme Court in accordance with the findings of the judge, the defendant appealed to the general term of the Supreme Court, which affirmed the judgment; whereupon he appealed to this court.

*L. Tremain,* for the appellant.

*A. J. Parker,* for the respondents.

MULLIN, J. (After discussing various exceptions taken on the trial to the reception of evidence.) If a new trial should be granted, it will save expense to the parties if the court should now dispose of the question whether it was competent for the parties to prove a trust in this case by parol, and if so, whether a trust has been established by the evidence.

The facts found are, that Mrs. Swinburne, after the death of her husband, took in her own name, for the benefit of the family, a contract for the 60 acres, and paid money upon it. That at her request, without the knowledge or consent of the other heirs, the defendant took a new contract for the same premises, in his own name, either for the benefit of the family or in fraud of their rights; that he thereafter took a deed to himself, sold the land and received and applied the avails to his own use and refuses to account.

It seems to me the case of *Lounsbury* v. *Purdy,* (18 N. Y. Rep. 515,) is decisive of this case. In that case Duncan purchased the premises of Merrill in trust for the plaintiff, a married woman, but the trust was not created or declared by writing. The plaintiff paid $100 of the purchase money down. Duncan and one Purdy gave a note for $423, which was to be and was afterwards paid out of the plaintiff's means, and the balance was paid by assuming a prior mortgage on the premises. The plaintiff did not consent to Q. taking the deed in his own name without declaring the trust. She knew and consented that the deed be taken in the name of either Q. or one Purdy. It was held that there was a valid resulting trust in favor of the plaintiff, and that the giving the note was to be regarded as equivalent to a payment by her.

The distinctions between the two cases are, that in that case, there was no interest in the plaintiff until the purchase

by the trustee; in this, the heirs of Peter Swinburne had an interest prior to either the defendant's contract or deed. In that case the plaintiff knew that her brother or Purdy was to take the title in his name; in this, the heirs did not know of any such intention. In this case, therefore, these important considerations are clearly proved, and establish in connection with the other facts found, a resulting trust.

The consideration in the case cited was paid by the *cestui que trust;* in this case in part only by the *cestuis que trust.* But the only effect of such payment by the trustee is to give him a lien on the trust property till he is repaid. A trustee can not appropriate the trust property to his own use because he may pay out of his own pocket a part of the price, and thereby deprive the *cestui que trust* of his interest in the property, or limit that interest to the amount actually paid. This would be in violation of a well settled equitable rule that the trustee can not deal with the property for his own benefit. All profit made from it belongs to the *cestui que trust.*

The vendor, before the deed to the defendant, held the title in trust for the heirs of Peter. The defendant purchased of him with full knowledge of these rights, and thus the trust which bound the property in the hands of the vendor followed it into the hands of the defendant. (Story's Eq. § 1256.)

It was held in *Van Horne* v. *Fonda,* (5 John. Ch. 388,) that one tenant in common could not buy in an outstanding title for his own benefit and exclude his co-tenants from an interest therein. If he may not buy in an outstanding title, much less may he buy in a title that cuts off altogether the title under which he and his co-tenants hold.

In *Burrel* v. *Bull,* (3 Sandf. Ch. 16,) three joint owners of a lease deputed one of their number to obtain a renewal for their joint benefit, and in violation of the rights of his co-owners he took the new lease in his own name; it was

held that he could not exclude the others from participating in the benefits of the new lease.

The same principle was applied in *Featherstonhaugh* v. *Fenwick*, (17 Ves. 298,) where one partner clandestinely renewed a lease of the premises on which the partnership business was carried on, in his own name, he was held to account for it as joint property.

I entertain no doubt but that it was competent for the plaintiffs to establish a trust in this case by parol; nor but that on the evidence a valid resulting trust is established, and that the plaintiffs are entitled to relief. But competent evidence was excluded, and for that reason the judgment should be reversed and a new trial ordered.

The dower of the widow seems to be recoverable in this case by the plaintiffs without any assignment or transfer from her to the plaintiffs. The former judgment in this case was reversed because the plaintiffs recovered for the dower interest. The judgment should be reversed for this reason.

All the judges concurred on the point respecting the establishing of a trust by parol; and upon the point that dower was improperly allowed the plaintiffs; though the widow was entitled to dower.

Judgment reversed.