URI JOHNSON AND ELON G. JOHNSON v. ABIJAH MUZZY.[*]

*Covenant.*

An action of covenant for rent will not lie against a lessee where the lease is a deed-poll, signed by the lessor only, although the lessee may have accepted the lease, and occupied and held under it during the full term, without paying the rent reserved. PECK, J., dissenting.

In an action of covenant the declaration alleged that, on the 7th of March, 1841, the plaintiff, by deed duly executed, conveyed a certain farm to the defendant, reserving to himself the fruit of the orchard for ten years. and that the defendant, in and by said deed, covenanted to keep the orchard well fenced, and to preserve it from depredation by cattle, &c. Plea, *non est factum.* The defendant accepted said deed, and possessed and held under it, but it was signed and sealed by the plaintiff only. *Held,* that it was not, in legal contemplation, the deed of the defendant, and that covenant would not lie. *House* v. *Foster,* Washington county, 1852, cited by ROYCE, J.

COVENANT for rent. Pleas, *non est factum,* accord and satisfaction, and offset. That part of the declaration which was furnished to the reporter, recited, "that whereas, on &c., at &c., the defendant held certain notes against the said Elon, originally payable to one E. G. Shumway, and another note secured by mortgage on the saw-mill hereinafter mentioned ; and whereas the said plaintiffs, on &c., at &c., by a certain indenture then and there made between the said plaintiffs of the one part, and the said defendant of the other part, sealed with their seals, the date whereof is," &c. At the trial, the plaintiffs offered in evidence the lease described in the declaration, which was signed and sealed by the plaintiffs only, and duly acknowledged and recorded, whereby the plaintiffs demised and leased unto the defendant the premises described in the declaration, situate in the village of Jamaica, for the term of two years, reserving one hundred and fifty dollars rent for the first year—whereof thirty dollars was to be paid by the defendant to one Livermore, and the balance to be indorsed on the said Shumway notes—and two hundred dollars for the second year, to be indorsed on the other note held by the defendant as aforesaid ; and whereby " the said Muzzy agrees to pay said rent in manner aforesaid, and to deliver up said premises and property at the end of said term, in as good condition as the same now are, reasonable wear and tear thereof, and fire and other casualties, excepted." The plaintiffs also of-

---

[*] This case was tried at the February term, 1872.

fered to prove that the defendant accepted said lease, and entered into possession of the premises therein described, thereunder, and occupied the same during the full term thereof, and had never paid the rent in the manner therein named, or otherwise. To all the testimony thus offered, the defendant objected, and the court excluded the same; to which the plaintiffs excepted. The plaintiffs offered no further evidence, and rested their case. The court, at the September term, 1871, Ross, J., presiding, rendered judgment for the defendant; to which the plaintiffs also excepted.

*Waterman & Read*, for the plaintiffs, cited Co. Lit. 229 a, 231 a; Lit. §§370, 374, 666, 667; Shep. Touch. 177; Cro. Jac. 240, 399, 512; *Brett* v. *Cumberland*, 1 Roll. Rep. 359; 2 Ib. 63, 159; 3 Bulst. 163, 164; 38 Edw. 3, 8 a; 45 Ib. 11, 12; Finch's Law, 109; Vin. Abr. Covenant, B. pl. 1, 1 a, 2; Cruise Dig. 447, §§3, 4; Bac. Abr. Covenant, A.; 1 Roll. Abr. 517, pl. 40; 2 Jacob Law Dict. 120; Com. Dig. Covenant, A. 1, B. 3; Dyer 13 c. pl. 66; Petersd. Abr. Covenant, A,; 1 Selw. N. P. 109; 1 Chit. Pl. 109; 1 Swift Dig. 354, 571; 2 Washb. Real Prop. 588, 589, §48; *Staines* v *Morris*, 1 Ves. & B. 14; *Wilkins* v. *Fry*, 1 Meriv. 265; *Burnett et als.* v. *Lynch*, 5 B. & C. 589; *Finley* v. *Simpson*, 2 Zab. (N. J.) 311; Platt Cov. 81; *Kimpton* v. *Walker*, 9 Vt. 191.

*A. Stoddard*, for the defendant, cited 2 Bouv. Law Dict. 385; 1 Chit.. Pl. 115, 119; 2 Bac. Abr. 560; 1 Esp. N. P. 266; *Berkeley* v. *Hardy*, 5 B. & C. 355; *Burnett et als.* v. *Lynch*, Ib. 589; *Gale* v. *Nixon*, 6 Cow. 445; *Ludlow* v. *Wood*, 1 Penn. 55; *Bilderbuck* v. *Powner*, 2 Halst. (N. J.) 64; *Tribble* v. *Oldenham*, 5 J. J. Mar. (Ky.) 137; *Trustees, &c.* v. *Spencer*, 7 Ohio, 149; 2 Washb. Real Prop. 589; *Hinsdale* v. *Humphrey*, 15 Conn. 431; *Kempton* v. *Walker*, 9 Vt. 191; *Shaw, Adm'r*, v. *Partridge*, 17 Vt. 626; *University of Vermont* v. *Joslyn*, 21 Vt. 52.

The opinion of the court was delivered by

ROYCE, J. This is an action of covenant, brought to recover for the rent of certain premises situate in the village of Jamaica.

The declaration alleges that the plaintiffs and the defendant made a certain indenture, dated the 20th day of August, 1862, which was sealed with their seals, and that in and by said indenture, the defendant, among other things, covenanted and agreed to pay the rent, for the recovery of which this suit is brought.

The defendant pleads *non est factum.* The plaintiffs offered in evidence the lease of the premises described in the declaration, accompanied with the offer to prove that the defendant accepted the lease, entered into possession of the premises under it, and occupied the same during the full term named therein, and had never paid the rent.

It appeared from the lease that it was signed, sealed, and acknowledged by the plaintiffs, and recorded in the town clerk's office in Jamaica, on the 20th day of August, 1862, but had never been signed or sealed by the defendant; and upon the objection of the defendant, it was excluded. The only question reserved was as to the correctness of this ruling

The general rule is, that covenant will lie only where the instrument is actually signed and sealed by the party, or by his authority. But it is claimed by the plaintiffs that there are exceptions to this rule, and that this case comes within one of them. In 1852, the case, *Israel House* v. *Wm. Foster*, was heard and decided by the supreme court in Washington county.

That was covenant, and it was alleged in the declaration that on the 7th day of March, 1841, the plaintiff, by a deed duly executed, conveyed to the defendant a certain farm, reserving to himself the fruit of the orchard for ten years, and that the defendant in and by said deed, covenanted to keep the orchard well fenced, and to preserve it from depredation by cattle, &c.; and it appeared that the defendant accepted the deed, and possessed and held under it. The plea was *non est factum,* and the deed when produced in evidence appeared to have been signed and sealed by the plaintiff only. The court held that it was not, in legal contemplation, the deed of the defendant, and that covenant would not lie.

This case has never been reported, but I have the manuscript of the opinion delivered by Judge ROYCE, and have been thus

particular in stating its facts, for the reason that it seems to me that there is such an analogy between that case and the one under consideration that we cannot reverse the ruling in this, without virtually overruling that. But, if this is to be regarded as still an open question, we are unable to find that the plaintiffs have brought themselves within any recognized exception to the rule as above stated. That the defendant by accepting the lease and holding under it, incurred an obligation to perform the acts therein stipulated to be performed for the lessor's benefit, cannot be disputed. But did he *covenant* to perform them ? Much of the confusion to be found in the books upon this subject, is, in my judgment, attributable to the loose manner in which the proposition is stated, and the apparent neglect in examining the authorities from which it is derived. The cases cited in the English books as authorities for the rule claimed by the plaintiffs, I think will all be found to have depended upon some custom, like the custom of London, where an action of covenant lay without a specialty. 22 Edw. 4, 2 a. Or, where the defendant derived title under a grant or patent from the crown. *Brett* v. *Cumberland*, Cro., Jac. 399, 521 ; Com. Dig. Covenant, A. 1; Vin. Abr. Covenant, A. 1.

The only case which I have been able to find in the English reports, which can be claimed as an authority for the extension of the rule beyond what is above indicated, is *Burnett et als.* v. *Lynch*, 5 B. & C. 589. In that case, the lessee by deed-poll, assigned his interest in the demised premises to A., subject to the payment of the rent and the performance of the covenants contained in the lease. A. took possession, and occupied the premises under the assignment, and before the expiration of the term, assigned to a third person. The lessor sued the lessee for breach of covenant committed during the time that A. continued assignee of the premises, and recovered damages against him. The lessee brought an action upon the case, founded in tort, against A., for having neglected to perform the covenants during the time he continued assignee, and the question was, whether the action would lie, and it was held that it would. ARBOTT, C. J., in the opinion says : " I think an action of covenant is not maintainable,

for an action of covenant is of a technical nature. It cannot be maintained, except against a person, who, by himself, or some other person acting in his behalf, has executed a deed under seal, or who (under some very peculiar circumstances, such as those mentioned in Co. Lit. 231 a) has agreed by deed to do a certain thing." It will be seen by reference to the *Year Book*, 38 Edw. 3, 8, a, from which the note in Co. Lit. is extracted, that the form of action in that case was debt, and as applicable to that form of action, there is no doubt that it is sound law. But the error has been, wherever this authority has been cited, in a misapprehension of the form of action.

In *Hinsdale* v. *Humphrey*, 15 Conn. 433, it was held that an action of covenant would not lie against a lessee, or his assignees, for rent under a lease sealed by the lessor only, and that the acceptance of such a lease by the lessee, is not such an assent to the stipulations contained therein as to make it his deed ; and the same doctrine was held in a well considered case reported in the 7th Ohio ; and in *Goodwin* v. *Gilbert*, 9 Mass. 510, and in *Gale* v. *Nixon*, 6 Cow. 445, the court says that a recognition of the contract, though in writing and under seal, will not make it a covenant. We have seen but one American case where a contrary doctrine has been hel ı, and that is *Finley* v. *Simpson*, 2 Zabriskie, 311. So that, upon principle and authority, we think the ruling was right, and the judgment is affirmed.

PECK, J., dissenting.