GEORGE KUHN, APPELLANT, v. WARREN G. BROWN, CHARLES W. ALCOTT, CHARLES C. WEHRUM AND ALFRED LOCKWOOD, RESPONDENTS.

### Statute of frauds.

The plaintiff sold to defendant, Lockwood, a $20,000 bond and mortgage, and assigned to him, at the same time, a $2,000 bond and mortgage, as collateral security thereto. At the same time, the plaintiff and the defendant, Alcott, executed an agreement, under seal, by which, after reciting that the plaintiff was indebted to the defendant, Wehrum, in the sum of $2,000, and that the defendant, Alcott, had become security for the payment of said money, it was agreed that Lockwood should hold the $2,000 mortgage, after payment of the $20,000 mortgage, to secure Alcott for his liability as security. *Held*, that this was a sufficient memorandum within the statute of frauds; that the defendant, Alcott, thereby became security to Wehrum for plaintiff's debt to him; and that he was entitled to the proceeds of the $2,000 mortgage.

APPEAL from a judgment in favor of the defendants. The plaintiff, on the 6th of August, 1869, sold to the defendant, Lockwood, a bond and mortgage for $20,000, and at the same time assigned to him, as collateral security for the payment of the said mortgage, a bond and mortgage for $2,000, known in this case as the Kreitz mortgage. In May, 1869, the plaintiff being indebted to the defendant, Wehrum, in the sum of $7,066.35, it was agreed between them that Wehrum should take $2,000 therefor, provided the defendant, Alcott, would become collateral security for the payment of said sum, and Alcott thereupon said that he would

become such security. This was all by parol, and was not reduced to writing and subscribed by Alcott, but an entry was made in his books, which, it was intended, should relate thereto. At the time of the assignment of the Kreitz mortgage to the defendant, Lockwood, the following agreement was executed by the plaintiff and the defendant, Alcott:

Whereas, George Kuhn, of Mott Haven, Westchester county, New York, is indebted to Charles C. Wehrum, of the city of New York, in the sum of $2,000, payable on the 1st of May, 1870, without interest; and whereas, Charles W. Alcott has become and is security to the said Wehrum for the payment of the said $2,000 on the said 1st day of May, 1870; and whereas, the said Kuhn has assigned to Alfred Lockwood, of the city of Paris, France, a certain bond and mortgage made by William Kreitz to said Kuhn, to secure $2,000, said mortgage being recorded in the register's office of the city of New York, in liber 931 of mortgages, page 19, said assignment to said Lockwood being security to said Lockwood upon the assignment of a $20,000 bond and mortgage made by said Alcott to said Kuhn, and by said Kuhn to said Lockwood. Now, therefore, in consideration of one dollar, it is agreed that said Lockwood may hold said $2,000 mortgage, to secure said Alcott for his liability as security as aforesaid, and for that purpose he may, after the payment of said $20,000 bond and mortgage, assign said $2,000 bond and mortgage to said Alcott, to secure him for being such security as aforesaid, or to indemnify or repay to him the amount which he may pay, as such security, on or after May 1, 1870, and said Alcott agrees to use his exertions to induce said Lockwood to surrender said $2,000 bond and mortgage, and accept other securities in the place of it whensoever said $2,000 bond and mortgage shall be paid, if paid before maturity, so that the said $2,000 may be paid to said Kuhn.

NEW YORK, *Aug.* 6, 1869.

GEORGE KUHN. [L. s.]

C. W. ALCOTT.   [L. s.]

Witness:

WARREN G. BROWN.

{ U. S. Rev. Stamp, }
{ 5 cents, canceled. }

The Kreitz mortgage was paid to Lockwood, in November, 1869. At the time of the commencement of this action, there was about $10,000 due on the mortgage sold to Lockwood, and at the time of the trial, about $400. The plaintiff brought this action to recover from Lockwood the proceeds of the Kreitz mortgage, and, at the trial, he tendered to him the whole amount due on the $20,000 mortgage. The case was tried before Mr. Justice BRADY without a jury, and a judgment was entered, by which it was adjudged that the defendant, Alcott, was legally liable as guarantor of the debt of the plaintiff to Wehrum, and the defendant, Lockwood, ordered, after the $20,000 bond and mortgage should have been fully paid, to pay over the proceeds of the $2,000 mortgage to the defendant, Wehrum. From this judgment the plaintiff appealed. The following opinion was delivered by Mr. Justice BRADY at the Special Term:

BRADY, J.:

The question presented in this case, although not free from difficulty, is, nevertheless, to be determined on general principles.

The statute of frauds requires that every special promise to answer for the debt, default or miscarriage of another person, shall be void, unless some note or memorandum of the agreement, be in writing and subscribed by the party to be charged, and the decisions which have been made, declare that the agreement or memorandum, when made, shall be sufficiently explicit to show the obligation assumed, either by its own terms or other memoranda connected with it, and of which it is a part.

Prior to the substitution in our statute, of the word "subscribed" for the word "signed," the name of the promisor at any place upon the memorandum, was held to be a compliance with its terms, but now the subscription must be at the foot of the agreement, which contains the engagement made.

It has also been held, and the law has not been changed, that it is sufficient to meet the requirements of the statute, if the memorandum be signed by the party to be charged.

These principles are so familiar, that it is not considered necessary to refer to the authorities. In this case, after the parties had met, and the defendant, Alcott, had verbally assumed to pay the plaintiff's debt to Wehrum, a memorandum was made in Alcott's books

of the transaction, which, as subsequent entries clearly show, was intended to express Alcott's liability to Wehrum. The original entry was made by Wehrum, under the direction and in the presence of Alcott, but in itself does not show that the latter undertook to pay the plaintiff's debt. It has no such import. If it had, the signature of Alcott, whether made by him or under his direction, appearing in connection with the memorandum, and in such relation to it as it does, might justly be held to be in conformity to the spirit of the statute, and therefore binding upon him.

The intention of the parties—the design of Alcott and Wehrum, in making the entry which was supposed to be in conformity to the understanding of the plaintiff and them—is apparent, and leaves no room for doubt.

Alcott still adheres to the agreement, and evidently considers himself bound to perform it. The plaintiff, however, availing himself of the statute, insists that Alcott is not bound by any promise or agreement which he gave; that no memorandum in writing subscribed by him was made containing it, and that it is therefore utterly void. If this premise is well founded, the result is as claimed. It appears, however, that after the agreement was made, and the attempted record of it put in Alcott's books, the plaintiff and he met, and the paper of the 6th of August, 1869, was executed by them. This clearly recognizes the obligation assumed by Alcott for the plaintiff's benefit, and is signed by both. It recites that the plaintiff was indebted to Wehrum in the sum of $2,000, payable on the 1st of May, 1870, without interest, and that Alcott had become, and was security to Wehrum for the payment of the sum named, on the day named, and then provides that the defendant, Lockwood, may hold a mortgage in his hands, to secure Alcott for his liability as security to Wehrum, and may assign the mortgage to Alcott, after it should be released from Lockwood's lien, arising from its deposit with him by the plaintiff. That paper refers undoubtedly to the verbal agreement made between the parties (plaintiff Alcott and Wehrum), that the latter would accept $2,000 in full of his claim against the plaintiff, if secured by Alcott's engagement to pay it in case the plaintiff did not. It does not refer to the agreement, as such, but to its effect, assuming it to be valid and binding.

In disposing of the question presented, therefore, I propose to predicate Alcott's liability, entirely, of the paper of the sixth of August.

It is therein stated, as already suggested, that Alcott had become, and was security for the payment of the sum of $2,000, on the 1st May, 1870, and it is provided that Lockwood may hold the mortgage referred to, to secure Alcott against his liability, as stated. Does this paper, signed by Alcott, sufficiently express his agreement with Wehrum?

If it does, then, being signed by the former, the party to be charged in favor of Wehrum, it is not within the statute, and the promise is not void.

In my judgment, the agreement sufficiently appears. The plaintiff acknowledges that he was to pay Wehrum the sum of $2,000 on the 1st May, 1870, and that Alcott was security for its payment on that day.

The duty imposed upon Alcott, indicated by the legal and ordinary acceptation of the word "security," was to pay the debt named, in case the plaintiff failed to pay it at the time designated, and thus, whether between themselves, as principal and surety, or between them and Wehrum, the indebtedness and its time of payment were clearly defined.

It is the written acknowledgment of the debt due, and the reiteration of Alcott's agreement to pay it, in case the plaintiff omitted to do so. The language of the paper is, "has become and is security," and thus relates back to an agreement, the result of which is not only in effect stated by the use of the word "security," but its terms sufficiently given in detail. Assuming the original agreement to be insufficient, this recognition and repetition of it, recreates and give it vitality.*

The statute requires some note or memorandum, and it is not material whether the identical agreement be signed or not.

If the note or memorandum appears in any form or paper containing the agreement, it is sufficient. The language of the statute is general. The note or memorandum is not limited in terms to one mode between the creditor and promisor, nor does it demand

* Gale v. Nixon et al., 6 Cow., 445; Roberts on Frauds, 121; Webster v. Zeilly, 52 Barb., 482.

that the note or memorandum shall be subscribed by both parties. It exacts only a note or memorandum of the agreement, subscribed by the party to be charged therewith.

The object of the statute, which was to prevent frauds perfected by false swearing, or, as stated by Senator VERPLANCK, in *Davis* v. *Shields*,* " The prevention of frauds and perjuries, by substituting for the loose recollections of memory and the mutual danger of misconception of parties, a precise written agreement, or at least, a distinct written memorandum of the contract," is accomplished, if, in any paper signed by the promisor, it shall appear that he made the agreement which is charged against him. His subscription makes it apparent that the claim has not been manufactured to be sustained by perjury. Hence, we find the rule stated by Justice SUTHERLAND, in *Gale* v. *Nixon*,† to be, " It is not necessary that the identical agreement should be signed, but if it is acknowledged by any other instrument, duly signed, it is sufficient," and it rests, as already shown, on a good reason. The paper containing the note or memorandum in this case, is an agreement between the debtor and promisor, relating to the debt, in which the creditor's name not only appears, but also the engagement made with him by the promisor, against which the latter sought, by that paper, to protect himself. These elements are controlling, and make it clear that the promise of Alcott was valid, and not within the statute of frauds.

The consideration of the promise is sufficient. The defendant, Wehrum, having a claim of $7,000 against the plaintiff, agreed to take $2,000, if the defendant, Alcott, would become security. An agreement by a creditor to take less than the face of the demand, upon receiving security for the amount paid, is valid. Where, by the agreement to settle, there is a benefit, or even a legal possibility of benefit, to the creditor, the additional weight will turn the scale, and render the consideration sufficient. ‡

Having arrived at these conclusions, it follows that the plaintiff cannot recover. The gravamen of his complaint is, that the promise of Alcott was not binding, and the agreement of the sixth August, therefore, void.

26 Wend., 354.                ‡ Phillips v. Berger, 2 Barb., 608.
† 6 Cow., 448.

I have not considered it at all necessary to examine any other question than the one discussed, deeming it conclusive.

It is proper, however, to say that there is no evidence justifying the charge that the paper of the sixth August was obtained by fraud or deceit.

Inasmuch as the question presented is not free from difficulty, as already suggested, I think but one bill of costs should be awarded the defendants unitedly, all having appeared by the same attorney. I think, however, that a reasonable allowance in addition should be made, and its amount determined on the settlement of the decree to be entered herein.

Ordered accordingly.

———————

On the appeal to the General Term :—

*Edward P. Cowles*, for the appellant, insisted that there was no valid promise by Alcott, within the statute of frauds. (*Mallory* v. *Gillett*, 21 N. Y., 413.)

*Warren G. Brown*, for the respondents, insisted that the premise of Alcott was legal and valid, and could be enforced. (*Gale* v. *Nixon*, 6 Cow., 445; Roberts on Frauds, 121; *Welford* v. *Beazely*, 3 Atk., 503; 3 Bro. Ch., 318; 1 Ves., 6; 9 Id., 355; *Webster* v. *Zeilley*, 52 Barb., 482.)

DAVIS, P. J. :

All allegations of fraud or imposition on the appellant, in procuring the instrument of 6th of August, 1869, having been distinctly withdrawn during the trial (as appears at fol. 202 of the case), that paper stood, as the court then remarked, unimpugned and upon its legal effect. It was upon this instrument that the learned judge, at Special Term, predicated the defendant, Alcott's liability, as surety for plaintiff, to the defendant Wehrum. The instrument recited that Alcott had become, and was, security for the payment of the sum of $2,000 to the defendant Wehrum, on

the 1st of May, 1870, and provided that Lockwood should hold the mortgage of Kreitz, as an indemnity to Alcott upon his liability as such. It was signed and sealed by both the principal and surety. This was, in our opinion, sufficient to take the promise of Alcott out of the operation of the statute of frauds. The reasons given by BRADY, J., in his opinion at Special Term, are quite satisfactory to us on this point, and we adopt them as expressing what we deem to be the law.

The effect of the tender of the money, due on the $2,000 mortgage, is not material to be discussed in this case, so far as relates to the $20,000 mortgage, held as collateral. When the suit was commenced, the Kreitz mortgage was properly held by Lockwood as collateral to the balance claimed to be unpaid on the $20,000 mortgage, but, as between the appellant and Alcott, the Kreitz mortgage was also held to secure Alcott on his obligations as surety for appellant's debt to Wehrum. The right and duty of Lockwood to still hold the Kreitz mortgage as assignee, for Alcott's benefit, under the instrument of sixth of August, would still remain after the extinguishment of the debt, to which he held it as collateral for his own benefit. Lockwood is not denying, but affirming, this liability, and thereby ratifying the act of his agent, Brown, in receiving the agreement, clothing him with that power.

Alcott, who is also a defendant in the suit, makes no question whatever of the validity of his agreement to be security. How far, under such circumstances, the principal debtor, who has placed in his hands, or in the hands of a third person, collateral to indemnify him against such liability, can be permitted to raise the question, it is not necessary to determine. Upon the facts found by the judge, we are of opinion that his conclusion of law was sound, and that the judgment rendered thereupon, should be affirmed.

DANIELS and WESTBROOK, JJ., concurred.

Judgment affirmed.