## SUPREME COURT.

ELLEN O'DONNELL agt. THOMAS B. KERR and others.

*Judgment, when its lien limited or removed — wife, conveyance to, from husband, through third party — parol evidence as to the purpose of a conveyance, allowable.*

A court of equity will recognize and protect the equitable rights of third parties, against what appears to be a legal lien, and will limit that lien to the actual interest which a judgment debtor had in the estate.

The lien of a judgment will be removed by the decree of a court of equity, when the judgment debtor holds the estate merely as a naked trustee for another, or when there is a subsisting, equitable claim in favor of a third party against the premises, prior in point of time to the lien of the judgment.

When a husband, the owner of a house and lot, was about to go to sea, and was desirous of conveying the same to his wife, and for this purpose, by the advice of his lawyer, conveyed the same without consideration to a third party, upon the understanding that such third party should immediately convey the same to the wife, and the conveyance to such third party and from him to the wife, were made instantaneously: *Held*, that a judgment theretofore docketed against such third party, and then existing, was not a lien upon the premises, as against the equitable interest of the wife in the premises.

*Also, held*, that it was proper to show by parol evidence, the purpose for which the conveyance to such third party was made, and the interest of the wife in the premises.

*New York Special Term, October,* 1875.

*Archibald F. Cushman,* for plaintiff.

*Samuel Jones,* for defendant.

VAN VORST, *J.* — In the year 1868, the plaintiff's husband, being the owner of the premises mentioned and described in the complaint, and being about to go to sea, was desirous of

vesting his wife with the title. To effect a conveyance to his wife he was advised, by his counsel, to do so through the medium of Francis Gillen.

The understanding between the plaintiff's husband and Gillen being, that the former should convey to the latter, without consideration, and the latter should immediately convey the premises to the wife, the plaintiff herein, so as to vest the title in her exclusively. This arrangement was carried out. The conveyances were prepared. The deed from the plaintiff's husband to Gillen, and that from Gillen to the wife, were both executed in the same interview, and in the presence of all the parties. The papers were then taken by the wife, and the husband went to sea.

The plaintiff's husband paid all the expenses of the conveyances.

Gillen was never in possession, but the plaintiff and her husband have always remained in possession. No consideration was paid or received by Gillen. Gillen received the conveyance from the plaintiff's husband for the sole purpose of enabling him to convey the land to the wife.

Under such circumstances, a judgment theretofore recovered and docketed against Gillen, in favor of one or more of his creditors, would not constitute a lien on the premises.

A court of equity will recognize and protect the equitable rights of third parties against what appears to be a legal lien; and will limit that lien to the actual interest which the judgment debtor had in the estate (*Kiersted* agt. *Avery*, 4 *Paige*, 9, 15). In truth, Gillen had no interest in the land upon which a lien could operate.

The lien of a judgment will be removed by the decree of a court of equity when the judgment debtor holds the legal estate in the land merely as a naked trustee for another; or when there is a subsisting equitable claim in favor of a third party against the premises, prior in point of time to the lien of the judgment (*Morris* agt. *Mowatt*, 2 *Paige*, 586; *Siemon* agt. *Schurck*, 29 *N. Y.*, 598).

O'Donnell agt. Kerr.

The lien of the judgment is overreached and displaced by the superior right and interest in the plaintiff to a conveyance of the land, as clear of incumbrance as it was when conveyed to Gillen (*Ells* agt *Tousley*, 1 *Paige*, 280 ; *Freeman on Judgments, secs.* 348 *and* 357).

In *Buchan* agt. *Sumner* (2 *Barb. Ch.*, 165), it was held that a court of chancery will so control the legal lien of the judgment creditor as to restrict it to the actual interest of the judgment debtor in the property, so as to fully protect the rights of those who have a prior equitable interest in such property, or in the proceeds thereof.

It was proper to show, by parol evidence, the purpose for which the conveyance to Gillen was made ; and the interest of the plaintiff in the premises (*Swinburne* agt *Swinburne*, 28 *N. Y.*, 568).

It must, therefore, be adjudged, in this action, that Francis Gillen had no interest in the premises upon which the judgment in question could be, or was, a lien; and that the defendants have no lien or claim on the premises by reason of the judgment obtained by them against Gillen ; and that the plaintiff is entitled to judgment accordingly, but without costs.